## Rudd v. Rudd

*John M. Quinn, Jr.*, for plaintiff.
*Paul F. Burroughs*, for defendant.

NYGAARD, *J.*, March 26, 1982—The facts of the case are essentially as follows. This case was submitted to the master for determination of whether certain property constitutes "marital property," as defined by §401(e) of the Divorce Code.

As indicated in the master's report, the most important issue, and the only one really in dispute with respect to property, involves a home situate at 27 Schumaker Drive in Girard Township. This property was acquired by Mr. Rudd, in his own name, approximately four months prior to the marriage of the parties, which occurred on June 28, 1975. The parties stipulated that the house has a present value of $42,000, as determined by a certified real estate broker. It was also stipulated that Mr. Rudd paid $26,000, for the home when it was purchased in 1975. The master specifically found that the increased value of the home, of approximately $16,000, during the marriage was the "result of inflation." (master's report p.4). The master further found that, "the increase is not the result of any significant expenditures or improvements being made on the home after the marriage." (master's report p.4).

There is undisputed testimony that Mr. Rudd purchased the home with his own funds in 1975 and that Mrs. Rudd paid nothing towards the purchase of the home. Mr. Rudd made all of the mortgage payments and paid all other expenses related to the home throughout the marriage. Mrs. Rudd, who did not work during the term of the marriage, made no payments towards expenses but did, however, perform the normal housekeeping services with respect to the home throughout the marriage.

The master found that the increase in value in the real estate during the term of the marriage, which was found to be $16,000, constituted marital property as defined in §402 referred to above. The master further equitably divided this increase equally among the parties and ordered Mr. Rudd to pay Mrs. Rudd the sum of $8,000, payable within three months after the final decree in divorce. Specific exceptions were taken to these findings by plaintiff.

The master also denied Mrs. Rudd's claim for alimony. Her testimony at the master's hearing indicated that she had been employed at various times prior to the marriage. At the time of the master's hearing, however, she was receiving Public Assistance. Her testimony indicated that she had made virtually no attempt to find employment between the time she separated from her husband in December of 1979, until the date of the master's hearing on June 25, 1981. During that period of time, she had applied for only one job. This was for a training program at the Geriatric Center as a nurse's aid. She had no idea when, or if, she would ever be accepted into this program. Other than this one application, Mrs. Rudd made no other attempts during the year and one-half that the parties were separated to obtain employment. The master specifically found that Mrs. Rudd "is currently able to support herself through appropriate employment, which she must obtain." (master's report p.5). Mrs. Rudd has excepted to the master's refusal to award her alimony.

The first issue for determination by this court is whether or not the appreciation of the home, owned solely by the husband and purchased prior to the marriage, constitutes marital property when this appreciation is solely the result of inflation.

The new Divorce Code defines "marital property" as follows:

(e) For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage except for the increase in value during the marriage.

(2) Property excluded by valid agreement of the parties entered into before, during or after the marriage.

(3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage.

(4) Property acquired after separation until the date of divorce, provided however, if the parties separate and reconcile, all property acquired subsequent to the final separation until after the divorce.

(5) Property which a party has sold, granted, conveyed or otherwise disposed of in good faith and for value prior to the time proceedings for the divorce are commenced.

(6) Veterans' benefits exempt from attachment, levy or seizure pursuant to the Act of September 2, 1958, P.L. 85-857, 72 Statute 1229, as amended, except for those benefits received by a veteran where such veteran has waived a portion of his military retirement pay in order to receive Veteran's Compensation.

(7) Property to the extent to which such property has been mortgaged or otherwise incumbered in good faith for value, prior to the time proceedings for the divorce are commenced.

Mrs. Rudd argues that the appreciation in this real estate constitutes "property" which she claims was "acquired by the parties during the marriage" since this appreciation occurred during the term of the marriage.

However, § 402(e) provides that only two types of appreciation in otherwise non-marital property constitute marital property. These exceptions are found in subsections (e)(1) and (e)(3). Mrs. Rudd's argument can be found in neither subsection. Further, the plain language of 402(e) provides that marital property means only property acquired during the marriage. Since this real estate does not fit within any of the exceptions of 402(e), nor has either party provided this court with any Pennsylvania cases which construe the statute to the contrary, we find that this property is not "marital property" and therefore not subject to distribution pursuant to the master's recommendation. This exception is sustained.

The second issue before this court is whether or not Mrs. Rudd is entitled to alimony when the master finds that she was able to support herself through appropriate employment.

Section 501(a) of the Divorce Code provides that:

(a) The court may allow alimony, as it deems reasonable, to either party, only if it finds that the party seeking alimony:

(1) lacks sufficient property, including but not limited to any property distributed pursuant to Chapter 4, to provide for his or her reasonable needs; and

(2) is unable to support himself or herself through appropriate employment.

The test is twofold and the court must find that the spouse seeking alimony has satisfied both subsections.

With respect to subsection (1), it would appear that only incidental items or personal property will be awarded to Mrs. Rudd pursuant to the decree in divorce. Thus the court would conclude that since Mrs. Rudd is not receiving a portion of the distribution of the real estate, she would satisfy the requirement contained in subsection (1).

Subsection (2) presents a far more difficult fact to find. The master concluded that defendant Mrs. Rudd is "currently able to support herself through appropriate employment, which she must obtain" (master's report page 5). Mrs. Rudd has an 11 year-old son who is enrolled in school and no other children who would require her presence at home. Mrs. Rudd further testified that in the year and one-half between the date of separation and the master's hearing, she had sought employment through only one application for a job. She is now on Public Assistance. While the court certainly recognizes that a goal of society in general and of the courts should be to encourage persons to remove themselves from the welfare roles, this cannot be done by contortion of the plain language of the law. Further, the Comments to the Divorce Code as stated by Attorney Perlberger follow:

"Pennsylvania has expressed its intention that alimony not be a vehicle for permanent dependence on the part of the recipient or interminable obligations in shackling the paying spouse. Rather, the object is a form of *rehabilitative* alimony unless there are specific reasons or 'other compelling impediment' to the recipient's gainful employment." Pennsylvania Divorce Code, Perlberger, Appendix B, §9.4.1 at p. 11.

Again, the parties cite no Pennsylvania case law which would guide the court in this decision. Apparently, in this issue as well, the court is cutting fresh hay in a new field. It is thus the opinion of the court that Mrs. Rudd's failures to attempt to find work and the master's finding that she is able to support herself through appropriate employment leads us to conclude that exception to the master's finding with respect to alimony must be denied. Accordingly, we enter the following

## ORDER OF THE COURT EN BANC

And now, March 26, 1982, the exceptions filed to the master's finding that the house constitutes marital property are sustained; and the exceptions filed to the master's findings as to alimony are denied.